# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SOTO FERNANDEZ,<br><br>              Plaintiff,<br><br>      v.<br><br>PIO CRUZ, *et al.*,<br><br>              Defendants. | Case No.  1:23-cv-0855 BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIM<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Anthony Soto Fernandez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff's complaint is currently before the Court for screening.  (ECF No. 1.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1  relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

2  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California State Prison at Corcoran, California. Plaintiff alleges the events in the complaint occurred at Kern Valley State Prison.  Plaintiff names as defendants: (1) Pio Cruz, Sergeant, (2) R. Charles, Sergeant, (3) S. Furlong, correctional officer, (4) D. Chavez, correctional officer, (5) R. Hernandez, correctional officer, and (6) R. Rodriguez, Lieutenant.

In claim 1, Plaintiff alleges excessive force in violation of the Eighth Amendment.  On May 26, 2019, Sgt. Cruz, Sgt. Charles, correctional officers Furlong, Chavez and Hernandez used excessive force by striking Plaintiff with batons, punching and kicking Plaintiff while Plaintiff was in the prone, submissive position. Plaintiff was beaten.  When he turned his head upwards to beg them to stop, Defendant Furlong's "foot caught me right in my face as he was swinging his baton striking me on my back."  Plaintiff pleaded with Defendant Cruz to stop as Plaintiff was in the prone position with no justification to be beaten.  Sgt. Cruz kept swinging his baton at Plaintiff and told Plaintiff to shut up.  Sgt. Cruz told the other officers to stop once Cruz hit

1   Plaintiff in the back of the head cracking Plaintiff's skull open.  For 45 seconds, all of the five
2   officers kicked Plaintiff in the ribs and continued to assault Plaintiff after Plaintiff was placed in
3   handcuffs.

    Plaintiff had rib fractures, back contusion, and head concussion.

    In claim 2, Plaintiff alleges deliberate indifference to threat to safety.  The day prior, Defendant Furlong was made aware of Plaintiff's assailants' intentions[1] by one of his sergeants. That sergeant told Furlong not to let inmates through the gate and to cuff Plaintiff up securely in the holding cell. Plaintiff got Defendant Furlong's attention that day and asked if he was going to let the inmates through.  Furlong said it was not his call.  Plaintiff, fearing for his safety, went to Sergeants Cruz and Charles and told them that he was about the assaulted and fearing for his life. Defendant Cruz said he did not care and told Plaintiff to go back to the fence for his own business.  Plaintiff pleaded with Defendant Cruz and Charles who told Plaintiff to "back up." Plaintiff turned to leave and Plaintiff was in fact jumped and assaulted right in front of them by two inmates.

    In claim 3, Plaintiff alleges a violation of the Eighth Amendment and the Fourteenth Amendment[2] for medical care.  On May 26, 2019, Defendants Cruz, Charles, Rodriguez and Furlong threatened to harm Plaintiff again if Plaintiff did not refuse an interview after the assault. Plaintiff allowed them to put a "bennison" on Plaintiff's head to cover Plaintiff's injuries and denied Plaintiff medical care.  Medical reports later showed that Plaintiff should have been taken to an outside hospital due to head trauma and laceration on the back of his head.  But it was recorded that Plaintiff refused treatment and this is false.  It took medical staff 37 days to see Plaintiff's rib fracture and 59 days to provide pain medication.

    As remedies, Plaintiff seeks compensatory and punitive damages.

---

[1] It is unclear who Plaintiff is referring to as he alleges he was attacked by 2 inmates and also by various officers.

[2] Plaintiff is a convicted state inmate housed in a state prison facility. Therefore, the appropriate legal standard for Plaintiff's claims is the Eighth Amendment. The Supreme Court has emphasized that the Eighth Amendment's cruel and unusual punishments clause is the appropriate mechanism for raising claims that challenge inhumane or unsafe conditions of confinement. See *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

**III.    Motion to Appoint Counsel**

Plaintiff requests appointment of counsel. (ECF No. 1, p. 10.)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and *in forma pauperis* almost daily. Many of these prisoners also have limited access to witnesses and discovery and are unknowledgeable in the law, and must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court screened Plaintiff's complaint and found that it stated a claim, Plaintiff has not informed the Court whether he wishes to proceed on those claims or file a first amended complaint. Moreover, the Court does not find that Plaintiff cannot adequately articulate his claims, if given the appropriate legal standards.

**IV.    Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983, with the exception of excessive force. Because

he is proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

### A. Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

As explained more thoroughly below, the allegations are vague or conclusory such that the Court is unable to determine whether Plaintiff states cognizable claims. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff attaches exhibits, but while "much liberality is allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." [3] *Stewart v. Nevada*, No. 2:09-CV-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

---

[3] From the Court's brief review of the attached exhibits, it appears that Plaintiff was trying to escape the two inmates who had attacked him and ran into Sgt. Cruz and was thereafter charged with battery on a peace officer.

If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

### B.     Supervisory Liability

To the extent Plaintiff seeks to hold any defendant liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); *accord Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff names supervisory defendants.  Plaintiff may not merely rely on these supervising Defendants' responsibilities to ensure the safety and health of the prisoners, because such a claim is based on respondeat superior which is not cognizable under section 1983. *Iqbal*, 556 U.S. at 677.  Conclusory allegations are insufficient to state the causal link between such defendant and the claimed constitutional violation.

### C.     Eighth Amendment

#### 1.     Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

6

2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

Liberally construing the allegations, Plaintiff states a cognizable claim against Defendants Cruz, Charles, Furlong, Chavez, and Hernandez for excessive force.

### 2. Failure to Protect

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. at 832. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040

1  (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629
2  F.2d 637, 642 & n.3 (9th Cir. 1980).

3        The failure of prison officials to protect inmates from attacks by other inmates or from
4  dangerous conditions at the prison violates the Eighth Amendment when two requirements are
5  met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,
6  subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison
7  official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health
8  or safety by failing to take reasonable steps to abate it. *Id.* at 837.

9        A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials
10 only where the officials acted with "deliberate indifference" to the threat of serious harm or injury
11 to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); see also
12 *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor
13 that prisoner is snitch may state claim for violation of right to be protected from violence while in
14 state custody), or by physical conditions at the prison. The official must both be aware of facts
15 from which the inference could be drawn that a substantial risk of serious harm exists, and he
16 must also draw the inference. *See Farmer*, 511 U.S. at 837. Mere negligent failure to protect an
17 inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835.

18       Plaintiff does not state a cognizable claim against the Defendant Furlong.  The allegations
19 are too vague for the Court to understand how Defendant Furlong knew Plaintiff would be
20 attacked and was deliberately indifferent.

21       Plaintiff also fails to state a cognizable claim against Defendants Cruz and Charles for
22 failing to protect Plaintiff from the attack by the two inmates. There are no factual allegations
23 what the threat was, that these Defendant knew (and how they knew) of a threat of serious harm
24 or injury to an inmate by another prisoner. Defendants are not responsible for attacks by other
25 inmates unless he knows of and disregards an excessive risk to inmate health or safety by failing
26 to take reasonable steps to abate it.  Generalized fears of attack do not state a cognizable claim.
27 The allegations fail to demonstrate that either Defendant was in a position to prevent the attack.
28 Leave to amend will be granted, to the extent he can do so in good faith.

3. **Verbal Harassment**

Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.' " *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092).

Under these authorities, Plaintiff fails to allege a cognizable claim.  Verbal harassment is not cognizable.

**4. Deliberate Indifference to Medical Care**

Plaintiff alleges a claim for deliberate indifference to a serious medical need.

To allege a claim of deliberate indifference, plaintiff must show he had a serious medical need and defendants were deliberately indifferent to that need. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference*.*" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff may be able to state a claim for deliberate indifference, but the allegations currently are too vague and conclusory  It is unclear who did what and who knew what about

Plaintiff's injuries.  It is unclear if Plaintiff told each of the defendants that he needed medical attention or that such attention was obvious from his injuries.  Plaintiff must state factual support as to the identity of each defendant and what that defendant did or did not do which was deliberately indifferent to Plaintiff's rights.

**D.  False Reports**

To the extent Plaintiff alleges that Defendants falsified disciplinary or medical reports against Plaintiff, he cannot state a claim.

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto,* No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).  Plaintiff's complaint fails to state a claim based on allegations of a false medical injury report. *Martin v. Pfeiffer*, No. 1:22-CV-00889 AWI BAM PC, 2022 WL 4345686, at *8 (E.D. Cal. Sept. 19, 2022) (no cognizable claim for a false medical report), report and recommendation adopted, No. 1:22-CV-00889 AWI BAM PC, 2022 WL 17406535 (E.D. Cal. Dec. 2, 2022); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 1172911, at *7 (E.D. Cal. Mar. 29, 2021)(denying a claim alleging falsified medical report and statements made by Plaintiff), denying to adopt on other grounds, *Sanford v. Eaton*, No. 1:20-CV00792-JLT BAM(PC), 2022 WL 168530, at *2 (E.D. Cal. Jan. 19, 2022).

11

## V.     Conclusion and Order

For the reasons stated, the Court finds that Plaintiff states a cognizable claim against Defendants Sgt. Cruz, Sgt. Charles, and correctional officers Furlong, Chavez, and Hernandez for excessive force in violation of the Eighth Amendment.  Plaintiff's complaint fails to state any other cognizable claims for relief.  Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a written notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claims.  The Court will then recommend that the remaining claims be dismissed from this action, and then initiate the process for service of the complaint.

If Plaintiff wishes to file an amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel, (ECF No. 1), is DENIED, without prejudice;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

      a. File a first amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); or

      b. Notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed on his cognizable claim against Defendants Sgt. Cruz, Sgt. Charles, and correctional officers Furlong, Chavez, and Hernandez for excessive force in violation of the Eighth Amendment; and

4. **If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.**

IT IS SO ORDERED.

Dated: **July 13, 2023**       /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE