# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SOTO FERNANDEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>PIO CRUZ, *et al.*,<br><br>  Defendants. | Case No. 1:23-cv-0855 BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Anthony Soto Fernandez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and he was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 8.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California State Prison at Corcoran, California.  Plaintiff alleges the events in the complaint occurred while he was housed at Kern Valley State Prison.  Plaintiff names as defendants: (1) Pio Cruz, Sergeant, (2) R. Charles, Sergeant, (3) S. Furlong, correctional officer, (4) D. Chavez, correctional officer, (5) R. Hernandez, correctional officer, and (6) R. Rodriguez, Lieutenant.  Plaintiff sues the defendants in both their individual and official capacities.

In claim 1, Plaintiff alleges excessive force in violation of the Eighth Amendment.  On May 26, 2019, Sgt. Cruz, Sgt. Charles, correctional officers Furlong, Chavez, and Hernandez used excessive force by striking Plaintiff with batons, punching and kicking Plaintiff while Plaintiff was in the prone, submissive position. Plaintiff was beaten.  When he turned his head upwards to beg them to stop, Defendant Furlong's foot kicked Plaintiff right in the face as he was continuing to hit Plaintiff on his back with his baton.  Plaintiff pleaded with Defendant Cruz to stop as Plaintiff was handcuffed and in the prone position with no justification to be beaten.  Sgt.

1    Cruz kept swinging his baton at Plaintiff and told Plaintiff to shut up.  Sgt. Cruz told the other

2    officers to stop once Cruz hit Plaintiff in the back of the head cracking Plaintiff's skull open.

3    Plaintiff was bleeding all over the place. For 45 seconds, all of the five officers, Cruz, Charles,

4    Furlong, Chavez, and Hernandez, kicked Plaintiff in the ribs, back, and face and continued to

5    assault Plaintiff even after Plaintiff was placed in handcuffs and on the ground in a prone

6    position.

7           Plaintiff had rib fractures, back contusion, and head concussion.

8           In claim 2, Plaintiff alleges that after being assaulted on 5/26/19, Plaintiff was placed in a

9    holding cell in medical.  Plaintiff was having trouble breathing and was telling Cruz, Furlong,

10   Charles and R. Rodriguez that Plaintiff needed a doctor and felt like Plaintiff's ribs were broken.

11   Plaintiff was in extreme pain "as they could see."  Plaintiff had blurred vision and a migraine

12   headache from his skull being cracked open. Cruz told Plaintiff to take it like a man and shut up

13   because no one was going to help Plaintiff and that is what Plaintiff got for running into Cruz.

14          Plaintiff tried to call a nurse. Cruz or S. Furlong would tell the nurse to stay away and that

15   Plaintiff was okay.  Lt. Rodriguez came to the holding cell and Plaintiff told Rodriguez and

16   Plaintiff was being denied medical attention. Rodriguez said that medical had already seen

17   Plaintiff.  Plaintiff said that he thought something was broken inside of Plaintiff and Lt.

18   Rodriguez said that that is your problem.  Furlong, Cruz, and Rodriguez said that Plaintiff better

19   refuse the on camera interview and they put a beanie on Plaintiff's head to cover up Plaintiff's

20   injuries.  Plaintiff pleaded again for medical, but was threatened.

21          In claim 3, this claim is unclear if it is one for retaliation or for failure to protect.  Plaintiff

22   alleges Cruz, Charles, Furlong failed to protect Plaintiff from an inmate attack as part of

23   retaliatory conduct and conspiring with gang members to harm Plaintiff.  The allegations are

24   unclear but Plaintiff alleges as follows.  The retaliation stems from an inmate who visits

25   Plaintiff's sister and correctional officers on "C" facility believed that the inmate and Plaintiff

26   were engaged in criminal activity.  Some female inmate had her wrist broken.  On 5/26/19,

27   Plaintiff was set up by Furlong, Cruz and Charles in a chain of events ending with Plaintiff being

28   assaulted by a criminal gang known as independent riders set up by Furlong, Cruz and Charles.

On 5/26/19, Furlong was working the patio, security metal detector, body pat down, when the supervising "Sergeant" told him not to let these same inmates through the gate and secure Plaintiff in handcuffs in a holding cell in the program office. Plaintiff had already been targeted by these gang members for assault and "he" was aware that due to incidents over the prior weeks/months, Plaintiff had been jumped and stabbed 9 times. On 5/16/19, Plaintiff looked over his shoulder and saw the would be assailants and stated to Furlong "really" to which he stated it is not my call.

Plaintiff walked up to Cruz and Charles and told them that Plaintiff was about to be assaulted to which Cruz said I don't give a "fuck" and go back to the fence and handle your business. Cruz and Charles were regulars on the yard and know of Plaintiff's past issues with the criminal gang. They knew there was documentation in his file to keep Plaintiff away and safe from these inmates. Plaintiff was housed in the upper yard and these inmates were housed in the lower yard. The day prior, Furlong and Cruz told Plaintiff to be careful and watch his back. They had full knowledge that Plaintiff was going to get assaulted. When Plaintiff was assaulted, his ribs were broken and his skull cracked open.

As remedies, Plaintiff seeks declaratory relief, and compensatory and punitive damages.

**III.        Discussion**

**A. Official Capacity**

Plaintiff may not pursue his claims for monetary damages against the named defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed in this action for monetary damages against defendants in their individual capacities.

///

4

**B.     Supervisory Liability**

To the extent Plaintiff seeks to hold any defendant liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); *accord Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.,* 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff names supervisory defendants.  Plaintiff may not merely rely on these supervising Defendants' responsibilities to ensure the safety and health of the prisoners, because such a claim is based on respondeat superior which is not cognizable under section 1983. *Iqbal*, 556 U.S. at 677.  Conclusory allegations are insufficient to state the causal link between such defendant and the claimed constitutional violation.

**C.     Eighth Amendment**

      **1.  Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must

5

provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

Liberally construing the allegations, Plaintiff states a cognizable claim against Defendants Cruz, Charles, Furlong, Chavez, and Hernandez for excessive force for beating Plaintiff on 5/26/19 when he was in the prone/submissive position and later while in handcuffs.

**2. Failure to Protect**

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. at 832. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).

1    The failure of prison officials to protect inmates from attacks by other inmates or from
2  dangerous conditions at the prison violates the Eighth Amendment when two requirements are
3  met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,
4  subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison
5  official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health
6  or safety by failing to take reasonable steps to abate it. *Id.* at 837.

7    A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials
8  only where the officials acted with "deliberate indifference" to the threat of serious harm or injury
9  to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); see also
10 *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor
11 that prisoner is snitch may state claim for violation of right to be protected from violence while in
12 state custody), or by physical conditions at the prison. The official must both be aware of facts
13 from which the inference could be drawn that a substantial risk of serious harm exists, and he
14 must also draw the inference. *See Farmer*, 511 U.S. at 837. Mere negligent failure to protect an
15 inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835.

16    Plaintiff does not state a cognizable claim against the Defendant Furlong.  The allegations
17 are too vague for the Court to understand how Defendant Furlong knew Plaintiff would be
18 attacked and was deliberately indifferent.  Plaintiff has been unable to cure this deficiency.

19    Plaintiff also fails to state a cognizable claim against Defendants Cruz and Charles for
20 failing to protect Plaintiff. There is no allegation that Plaintiff was attacked, but merely feared
21 attack.  While the exhibits state that he was attacked, Plaintiff does not incorporate the exhibits.
22 "The Court will not comb through attached exhibits seeking to determine whether a claim
23 possibly could have been stated where the pleading itself does not state a claim. In short,
24 [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-
25 01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

26    The injuries he alleges are from the beating by the officers, broken ribs and cracked head,
27 and not from any attack by inmates.  Defendants are not responsible for attacks by other inmates
28 unless he knows of and disregards an excessive risk to inmate health or safety by failing to take

reasonable steps to abate it.  Generalized fears of attack do not state a cognizable claim.  The allegations fail to demonstrate that either Defendant was in a position to prevent the attack. Plaintiff has been unable to cure this deficiency.

### 3.  Verbal Harassment

Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.' " *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092).

Under these authorities, Plaintiff fails to allege a cognizable claim.  Verbal harassment is not cognizable.

### 4.  Deliberate Indifference to Medical Care

Plaintiff alleges a claim for deliberate indifference to a serious medical need.

To allege a claim of deliberate indifference, plaintiff must show he had a serious medical need and defendants were deliberately indifferent to that need. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Indications of a serious medical need include "the presence of a medical condition that

8

1  significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence
2  of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth
3  Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

4  Deliberate indifference is established only where the defendant subjectively "knows of
5  and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051,
6  1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate
7  indifference can be established "by showing (a) a purposeful act or failure to respond to a
8  prisoner's pain or possible medical need and (b) harm caused by the indifference*." Jett v. Penner*,
9  439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). Civil recklessness (failure "to act in the
10 face of an unjustifiably high risk of harm that is either known or so obvious that it should be
11 known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511
12 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

13 Liberally construing the allegations, Plaintiff states a claim for deliberate indifference to a
14 serious medical need against Cruz, Furlong, and Charles. However, Plaintiff fails to state a
15 cognizable claim against Defendant Rodriguez. Plaintiff alleges that when Lt. Rodriguez came to
16 the holding cell, Plaintiff said he was being denied medical attention. But Rodriguez said that
17 medical had already seen Plaintiff. Plaintiff fails to state a claim that Rodriguez subjectively
18 knows of and disregards an excessive risk to inmate health and safety.

19 **D. False Reports**

20 To the extent Plaintiff alleges that Defendants falsified disciplinary or medical reports
21 against Plaintiff, he cannot state a claim.

22 The creation of false evidence, standing alone, is not actionable under § 1983. *See*
23 *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison
24 record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013
25 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right
26 to be free from false accusations of misconduct, so the mere falsification of a report does not give
27 rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a
28 cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false

9

rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto,* No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted). Plaintiff's complaint fails to state a claim based on allegations of a false medical injury report. *Martin v. Pfeiffer*, No. 1:22-CV-00889 AWI BAM PC, 2022 WL 4345686, at *8 (E.D. Cal. Sept. 19, 2022) (no cognizable claim for a false medical report), report and recommendation adopted, No. 1:22-CV-00889 AWI BAM PC, 2022 WL 17406535 (E.D. Cal. Dec. 2, 2022); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 1172911, at *7 (E.D. Cal. Mar. 29, 2021)(denying a claim alleging falsified medical report and statements made by Plaintiff), denying to adopt on other grounds, *Sanford v. Eaton*, No. 1:20-CV00792-JLT BAM(PC), 2022 WL 168530, at *2 (E.D. Cal. Jan. 19, 2022).

### E.  Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." *Watison*, 668 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison

officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

Plaintiff has failed to allege the facts for each of the elements of a claim for retaliation. Plaintiff's allegations are conclusory as to any protected conduct he in engaged in and fails to allege he engaged in protected conduct. Plaintiff fails to allege that any conduct chilled Plaintiff's First Amendment rights or that it did not reasonably advance a legitimate correctional goal.

**IV.    Conclusion and Order**

For the reasons stated, the Court finds that Plaintiff states a cognizable claim against Defendants Sgt. Cruz, Sgt. Charles, and correctional officers S. Furlong, D. Chavez, and R. Hernandez for excessive force in violation of the Eighth Amendment and a cognizable claim against Cruz, Furlong, and Charles for deliberate indifference to a serious medical need in violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other cognizable claims against any other defendant.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed August 4, 2023, (ECF No. 8), against Defendants Sgt. Cruz, Sgt. Charles, and correctional officers S. Furlong, D. Chavez, and R. Hernandez for excessive force in violation of the Eighth Amendment and against Cruz, Furlong, and Charles for deliberate indifference to a serious medical need in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 9, 2023**            /s/ Barbara A. McAuliffe            
                                                            UNITED STATES MAGISTRATE JUDGE