# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SOTO FERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CRUZ, *et al.*,<br><br>　　　　Defendants. | Case No.  1:23-cv-00855-JLT-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL AND FOR ENTRY OF DEFAULT<br><br>(ECF No. 18)<br><br>ORDER DIRECTING DEFENDANTS TO RE-SERVE COURTESY COPY OF ANSWER ON PLAINTIFF WITHIN **THREE (3) DAYS** |

    Plaintiff Anthony Soto Fernandez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Cruz, Charles, Furlong, Chavez, and Hernandez for excessive force in violation of the Eighth Amendment, and against Defendants Cruz, Furlong, and Charles for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

    Defendants filed executed waivers of service on November 30, 2023, (ECF No. 15), and answers to the first amended complaint on January 2, 2024, (ECF No. 16).  This case is currently set for a video settlement conference on April 11, 2024 at 9:30 a.m. before Magistrate Judge Stanley A. Boone.  (ECF No. 17.)

    Currently before the Court is Plaintiff's "Motion to Appoint Counsel and Grant Summary Judgment for Default," filed January 12, 2024.  (ECF No. 18.)  Although Defendants have not yet

1

had an opportunity to file a response, the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

## I.   Motion for Entry of Default

In his motion, Plaintiff states that based on the waiver filed by Defendants, an answer or motion under Rule 12 was to be served on Plaintiff within 60 days after October 31, 2023. As of January 7, 2024, Plaintiff had not received an answer, and therefore Plaintiff requests that the Court hold Defendants in default and that a default judgment be entered against them. (ECF No. 18.)

Plaintiff's motion is denied. As noted above, Defendants filed an answer to the first amended complaint on January 2, 2024. (ECF No. 16.) As Plaintiff was served by mail, he would not have received the answer on the same date it was filed with the Court. Because Defendants' answer was timely filed with the Court, even if not immediately received by Plaintiff, entry of default or default judgment is not appropriate.

However, in light of Plaintiff's assertion that he had not been served a copy of Defendant's answer by January 7, 2024, and as a one-time courtesy to Plaintiff, the Court will direct Defendants to re-serve their answer on Plaintiff at his current address of record.

## II.   Motion to Appoint Counsel

Plaintiff further requests, in light of Defendants' representation by counsel from the Office of the Attorney General, that the Court revisit appointment of counsel. Plaintiff states that he needs assistance in representing himself in this case. (ECF No. 18.)

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

///

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has determined Plaintiff has stated some claims which may proceed, it has not determined that those claims have a likelihood of ultimately being successful.

### III.  Order

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's renewed motion to appoint counsel, (ECF No. 18), is DENIED, without prejudice;
2. Plaintiff's motion for entry of default, (ECF No. 18), is DENIED; and
3. Within **three (3) days** from the date of service of this order, Defendants are DIRECTED to re-serve a copy of their answer, (ECF No. 16), on Plaintiff.

IT IS SO ORDERED.

Dated:  **January 17, 2024**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE